# UNITED STATES DISTRICT COURT OF THE CONNECTICUT

| | |
|---|---|
| Corey Beloved | Civil Action No. |
| Plaintiff, | |
| V. | |
| Self-Financial, Inc., | JURY TRIAL DEMANDED |
| Defendant. | |

## INTRODUCTION

Plaintiff Corey Beloved ("Plaintiff"), proceeding *pro se*, files this Complaint against Defendant Self Financial, Inc. ("Self Financial" or "Defendant"), and in support thereof states as follows:

## NATURE OF THE ACTION

1. This is an action for damages and declaratory relief brought by Plaintiff against Defendant Self Financial, Inc. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, arising from Defendant's willful and/or negligent failure to conduct a reasonable investigation of Plaintiff's dispute regarding inaccurate credit information furnished to consumer reporting agencies ("CRAs").

2. Specifically, Defendant furnishes credit information regarding Plaintiff's Self Visa® secured credit card account (card ending in 7615) to one or more CRAs, including Experian Information Solutions, Inc. ("Experian"). Despite the account being closed with a zero-dollar ($0.00) balance,

# UNITED STATES DISTRICT COURT OF THE CONNECTICUT

Defendant continued to report an outstanding balance of approximately $446.00 on a credit limit of $425.00, reflecting a credit utilization rate of 104%.

3. Plaintiff disputed this inaccurate reporting through Experian, providing documentation substantiating that the account balance was $0.00. Upon information and belief, Experian forwarded Plaintiff's dispute and supporting documentation to Defendant. Defendant failed to conduct a reasonable investigation and instead verified the inaccurate information as accurate, in direct violation of its duties under 15 U.S.C. § 1681s-2(b).

4. As a direct and proximate result of Defendant's failures, Plaintiff has suffered concrete harm, including but not limited to an artificially depressed credit score, denial or impairment of credit opportunities, and emotional distress.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because Plaintiff's claims arise under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

6. This Court also has jurisdiction pursuant to 15 U.S.C. § 1681p, which provides that "[a]n action to enforce any liability created under this subchapter may be brought in any appropriate United States district court."

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, as Plaintiff resides in Farmington, Connecticut, and suffered the effects of the inaccurate credit reporting in this District.

UNITED STATES DISTRICT COURT OF THE CONNECTICUT

## PARTIES

8. Plaintiff Corey Beloved formerly known as Corey Jackson is a natural person and a "consumer" as defined by 15 U.S.C. § 1681a(c). At all relevant times, Plaintiff resided at 312 Scott Swamp Road, Apt 4, Farmington, Connecticut 06032.

9. Defendant Self Financial, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 901 E 6th Street, Suite 400, Austin, Texas 78702. Self Financial is a "person" as defined by 15 U.S.C. § 1681a(b) and a "furnisher" of information to consumer reporting agencies within the meaning of the FCRA. Self Financial regularly furnishes information regarding consumer credit accounts—including Plaintiff's account—to one or more CRAs, including Experian.

10. At all times relevant hereto, Self Financial's Self Visa® Credit Card is issued by Lead Bank, Member FDIC, but serviced by Self Financial, Inc. Self Financial is the entity responsible for furnishing account information to CRAs and is the entity that received notice of Plaintiff's dispute and was obligated to conduct a reasonable investigation.

## FACTUAL ALLEGATIONS

The Self Visa® Secured Credit Card Account

11. On or about May 24, 2024, Plaintiff opened a Self Visa® secured credit card account with Defendant, card number ending in 7615 (the "Account"). The Account was a secured credit card with a credit limit of $425.00.

12. Plaintiff maintained the Account in good standing, making all required payments on time throughout the life of the Account. The payment history reflected by Experian confirms the Account was current from its opening in May 2024 through at least April 2025, with a status of

**UNITED STATES DISTRICT COURT OF THE CONNECTICUT**

"Open/Never late."

13. Plaintiff subsequently closed the Account and paid the balance in full. As reflected in Defendant's own records and final billing statement with a closing date of June 13, 2025, the Account showed:

a. New Balance: $0.00;

b. Minimum Payment Due: $0.00;

c. Past Due Amount: $0.00;

d. Credit Limit: $0.00;

e. Security Deposit Amount: $0.00;

f. Interest Charged: $0.00.

14. Defendant's own account portal confirmed the Account status as "Account closed" with a "Current Balance" of $0.00, a "Minimum Payment" of $0.00, and a "Remaining Statement Balance" of $0.00.

15. Despite the Account being closed with a zero balance, the final statement reflects that Plaintiff had made a payment of $437.59 on May 20, 2025, which combined with a $25.00 annual fee credit on June 10, 2025 brought the Account balance to $0.00.

Defendant's Inaccurate Furnishing of Information

16. Despite the Account being closed with a $0.00 balance, Defendant continued to furnish inaccurate information to Experian and, upon information and belief, to other CRAs.

17. As of April 13, 2025 or at the latest available update Experian's records for the Account reported: a balance of $446.00; a credit limit of $425.00; a credit usage (utilization) rate of

104%; a minimum monthly payment of $26.00; an account type of "Secured Card"; and a highest balance of $446.00.

18. The reported balance of $446.00 on a credit limit of $425.00 is facially inaccurate and mathematically impossible under normal credit card reporting, as it reflects a balance exceeding the credit limit by $21.00 and a utilization rate exceeding 100%.

19. At a minimum, the continued reporting of a $446.00 balance after the Account was paid to $0.00 and closed constitutes inaccurate information under 15 U.S.C. § 1681s-2(a)(1)(A), which requires furnishers to provide accurate information to CRAs.

Plaintiff's Dispute Through Experian

20. Becoming aware of the inaccurate reporting, Plaintiff disputed the information through Experian, the consumer reporting agency displaying the inaccurate Account information.

21. In connection with the dispute, Plaintiff provided documentation to Experian substantiating that the Account balance was $0.00, including evidence from Defendant's own records and account portal confirming the closed status and zero balance.

22. Pursuant to 15 U.S.C. § 1681i(a)(2)(A), Experian was required to, and upon information and belief did, provide notice of Plaintiff's dispute to Defendant within five (5) business days of receiving the dispute, along with all relevant information regarding the dispute that Experian received from Plaintiff.

23. Upon information and belief, Experian forwarded Plaintiff's dispute and the supporting documentation to Defendant through its Automated Consumer Dispute Verification ("ACDV") system or equivalent dispute notification process.

Defendant's Failure to Conduct a Reasonable Investigation

UNITED STATES DISTRICT COURT OF THE CONNECTICUT

24. Upon receiving notice of Plaintiff's dispute from Experian pursuant to 15 U.S.C. § 1681i(a)(2), Defendant was obligated under 15 U.S.C. § 1681s-2(b)(1) to:

a. Conduct an investigation with respect to the disputed information (§ 1681s-2(b)(1)(A));

b. Review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) (§ 1681s-2(b)(1)(B));

c. Report the results of the investigation to the consumer reporting agency (§ 1681s-2(b)(1)(C));

d. If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which Defendant furnished the information (§ 1681s-2(b)(1)(D)); and

e. If the disputed item is found to be inaccurate or incomplete or cannot be verified, modify, delete, or permanently block the reporting of that item (§ 1681s-2(b)(1)(E)).

25. Despite receiving Plaintiff's dispute and the supporting documentation demonstrating a $0.00 balance, Defendant failed to conduct a reasonable investigation. Instead, Defendant verified to Experian that the previously reported information was accurate.

26. On or about the date of the dispute response, Experian notified Plaintiff by email that it had "reviewed the documentation you provided with your dispute, but determined that it was not sufficient to make the changes or deletions you requested." Experian further stated that it had "forwarded your documentation to the furnisher of the information, along with a description of your dispute, and asked them to investigate your dispute."

27. The result of the purported "reinvestigation" was that the inaccurate information remained on Plaintiff's credit report unchanged.

28. Defendant's investigation was unreasonable because, among other things:

a. Defendant's own records—including its internal account system, the account portal showing the Account as "Account closed" with a $0.00 balance, and the final billing statement dated June 13, 2025, confirming a $0.00 new balance—all contradicted the information Defendant was furnishing to Experian;

b. A simple review of Defendant's own records would have confirmed that the Account had a $0.00 balance and was closed;

c. The documentation provided by Plaintiff through Experian, which included evidence from Defendant's own systems, was more than sufficient to alert Defendant that the reported balance of $446.00 was inaccurate;

d. Defendant's verification of a $446.00 balance when its own records showed a $0.00 balance demonstrates that Defendant either failed to review its own records during the investigation or acted with willful disregard for the accuracy of the information it was furnishing; and

e. The reported balance of $446.00 on a $425.00 credit limit (104% utilization) was facially implausible and should have triggered additional scrutiny during any reasonable investigation.

29. Upon information and belief, Defendant's purported "investigation" consisted of nothing more than a cursory, automated review that merely confirmed the previously reported data without any meaningful review of the dispute, the supporting documentation, or Defendant's own internal records.

30. This type of rubber-stamp verification, without genuine investigation, is precisely the type of unreasonable conduct that § 1681s-2(b) was designed to prevent. *See Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 149 (4th Cir. 2008) (holding that a furnisher's

investigation must be reasonable and cannot consist of merely verifying previously reported information without reviewing relevant records); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009) (a furnisher's investigation is unreasonable when it merely parrots the same information previously furnished without investigating the substance of the dispute).

Concrete Harm to Plaintiff

31. As a direct and proximate result of Defendant's inaccurate reporting and failure to conduct a reasonable investigation, Plaintiff has suffered concrete harm sufficient to establish Article III standing. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021); *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016).

32. The inaccurate reporting of a $446.00 balance on a $425.00 credit limit reflecting 104% credit utilization—was disseminated to third parties through Plaintiff's credit report. An over-limit balance is one of the most damaging items that can appear on a consumer's credit report, as credit utilization is a significant factor in credit scoring models.

33. As a result of the inaccurate reporting, Plaintiff's credit score was artificially and materially depressed, causing Plaintiff to be denied credit, to receive less favorable credit terms, or to refrain from applying for credit that Plaintiff would have otherwise sought.

34. Upon information and belief, the inaccurate credit report containing the $446.00 balance was furnished to third parties, including creditors and potential creditors, who accessed Plaintiff's credit file.

35. Plaintiff has suffered actual damages including, but not limited to:

a. A diminished credit score resulting in the inability to obtain credit or the receipt of credit on less favorable terms;

b.  Lost credit opportunities;

c.  Emotional distress, anxiety, frustration, and humiliation arising from the continued inaccurate reporting despite providing clear documentation of the true account status;

d.  Time and effort expended in attempting to resolve the inaccurate reporting; and

e.  Other consequential damages to be proven at trial.

## COUNT I Willful Violation of the FCRA
## Failure to Investigate 15 U.S.C. § 1681s-2(b) and § 1681n

36. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

37. Defendant is a "furnisher" of information to consumer reporting agencies as contemplated by 15 U.S.C. § 1681s-2.

38. Defendant received notice from Experian, a consumer reporting agency, pursuant to 15 U.S.C. § 1681i(a)(2), that Plaintiff disputed the completeness and accuracy of the information Defendant furnished regarding the Account.

39. Upon receiving such notice, Defendant was required under 15 U.S.C. § 1681s-2(b)(1) to conduct a reasonable investigation, review all relevant information provided by Experian, report the results to Experian, and, if the information was found to be inaccurate, correct it with all CRAs and modify, delete, or permanently block the inaccurate information.

40. Defendant willfully failed to comply with these requirements by failing to conduct a reasonable investigation. Defendant verified to Experian that the inaccurate balance of $446.00 was accurate, when Defendant's own records demonstrated that the Account had a $0.00 balance and was closed.

41. Defendant's conduct was willful because Defendant knew or should have known, based on

its own internal records and the documentation provided through Experian, that the reported information was inaccurate. Defendant's failure to review its own records, or its decision to ignore them, constitutes a willful violation of the FCRA. *See Safeco Insurance Co. of America v. Burr*, 551 U.S. 47, 57 (2007) (willful violations include reckless disregard of statutory obligations).

42. Defendant's conduct was objectively unreasonable in light of the plain language of 15 U.S.C. § 1681s-2(b), which unambiguously requires furnishers to conduct an investigation—not merely rubber-stamp previously reported data. Defendant's interpretation of its obligations, if any, ran a risk of violating the FCRA that was substantially greater than the risk associated with a merely careless reading.

43. As a result of Defendant's willful violations, Plaintiff is entitled to recover:

a.  Actual damages sustained by Plaintiff as a result of Defendant's violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.  Statutory damages of not less than $100 and not more than $1,000 per violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A), in the alternative to actual damages;

c.  Punitive damages as the Court may allow, pursuant to 15 U.S.C. § 1681n(a)(2);

d.  Costs of the action together with reasonable attorney's fees as determined by the Court, pursuant to 15 U.S.C. § 1681n(a)(3); and

e.  Such other and further relief as this Court deems just and proper.

## COUNT II Negligent Violation of the FCRA
## Failure to Investigate 15 U.S.C. § 1681s-2(b) and § 1681o

44. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

45. In the alternative to Count I, Defendant negligently failed to comply with the requirements of 15 U.S.C. § 1681s-2(b)(1) by failing to conduct a reasonable investigation of Plaintiff's dispute, failing to review all relevant information provided by Experian, and failing to correct the inaccurate information despite clear evidence that the reported balance was wrong.

46. Defendant's negligent failure to fulfill its statutory duties under the FCRA directly and proximately caused Plaintiff to suffer actual damages.

47. As a result of Defendant's negligent violations, Plaintiff is entitled to recover:

a. Actual damages sustained by Plaintiff as a result of Defendant's failures, pursuant to 15 U.S.C. § 1681o(a)(1);

b. Costs of the action together with reasonable attorney's fees as determined by the Court, pursuant to 15 U.S.C. § 1681o(a)(2); and

c. Such other and further relief as this Court deems just and proper.

## COUNT III Violation of the FCRA
## Furnishing Inaccurate Information 15 U.S.C. § 1681s-2(a)(1)(A)

48. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

49. Under 15 U.S.C. § 1681s-2(a)(1)(A), a person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

50. Defendant furnished information to Experian and, upon information and belief, to other

CRAs, reporting that Plaintiff's Account had a balance of $446.00, when in fact the Account balance was $0.00 and the Account was closed.

51. Defendant knew or had reasonable cause to believe that this information was inaccurate based on its own internal records showing a $0.00 balance and closed account status.

52. While Plaintiff acknowledges that there is no private right of action for violations of § 1681s-2(a) standing alone (*see* 15 U.S.C. § 1681s-2(c)(1)), this count is pled to the extent that the continued furnishing of inaccurate information after receiving notice of the dispute is actionable as part of Defendant's failure to investigate under § 1681s-2(b), and to preserve all claims. The inaccurate furnishing provides context for the unreasonableness of Defendant's investigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Corey Beloved respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant Self Financial, Inc. as follows:

A. Actual damages in an amount to be proven at trial;

B. Statutory damages of not less than $100 and not more than $1,000 per willful violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

C. Punitive damages as the Court deems appropriate, pursuant to 15 U.S.C. § 1681n(a)(2);

D. Costs of this action, including reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

E. A declaratory judgment that Defendant violated the FCRA;

F. Injunctive relief requiring Defendant to correct the inaccurate information furnished to all CRAs regarding Plaintiff's Account; and

G. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: February 18, 2026

Respectfully submitted,

*[signature]*

Corey Beloved, *Pro Se*

312 Scott Swamp Road, Apt 4

Farmington, CT 06032